BLANCO FRESNO & CÍA., S. EN C., demandante y apelada, *v.* ROYAL INSURANCE COMPANY, demandada y apelada, y PORTO RICAN & AMERICAN INS. Co., interventora y apelante.

No. 6155. *Sometido:* Noviembre 9, 1932. *Resuelto:* Noviembre 17, 1932.

*H. Brown, C. Ruiz Nazario* y *G. E. González,* abogados de la apelante; *A. García Ducós,* abogado de la demandante apelada y *José Sabater,* abogado de la demandada y apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Un pleito seguido por Blanco Fresno & Cía., S. en C., contra Royal Insurance Co. terminó por sentencia que declaró sin lugar la demanda con costas. Fundada la demandada en esa sentencia solicitó el embargo de bienes del demandante en cantidad de $1,200 para asegurar el pago de las costas. El embargo fué decretado sin fianza y se trabó en igual cantidad que el demandante tenía en metálico en un banco, pero después fué substituído por la fianza que prestó la Porto Rican & American Insurance Co. por $1,500. Al ser firme la sentencia presentó la demandada su memorándum de costas que fué impugnado por la demandante; y la corporación fiadora presentó en el pleito una moción interesando de la corte que le concediera permiso para intervenir a fin de solicitar la nulidad de la fianza que prestó y para impugnar el memorándum de costas radicado. A esa moción acom-

pañó otra expresando sus motivos para que se anule la orden de embargo, el que se trabó y la fianza que ella prestó, así como los motivos en que funda su impugnación al memorándum de costas, que son substancialmente los mismos de la demandante. La corte resolvió la petición de la fiadora dictando dos resoluciones: una, negándole permiso para intervenir, aunque permitiéndole oírla como *amicus curiae* en cuanto al memorándum de costas, y otra, resolviendo la impugnación de la demandante al memorándum de costas, el que aprobó con ciertas rebajas que hizo. Esas dos resoluciones fueron apeladas por la Porto Rican & American Insurance Co. y se nos pide que las desestimemos por los siguientes motivos: 1, porque la compañía fiadora no es parte en el procedimiento ni se le ha permitido que intervenga en él; 2, porque la petición de intervención es prematura porque no hay actualmente procedimiento contra ella; 3, porque una orden negando permiso para intervenir no es apelable; y 4, porque las apelaciones interpuestas son frívolas.

Si la petición de intervención es prematura o no, como se alega en el segundo fundamento para la desestimación, o en otras palabras, si la fiadora no tiene actualmente derecho a intervenir, es cuestión para ser decidida en la apelación y no es motivo para desestimar los recursos interpuestos.

Los motivos primero y tercero pueden ser tratados conjuntamente. Es cierto que la Porto Rican & American Insurance Co. no es parte en el pleito ni se le ha permitido intervenir en él, pero también lo es que la resolución que niega una intervención es apelable porque decide finalmente para la persona que solicita la intervención que ella no tiene derecho a intervenir y equivale a una sentencia dictada contra ella en relación con las cuestiones que suscita para la intervención. 20 Cal. Jur., pág. 528, y casos en él citados. Generalmente se ha declarado que la resolución negando una intervención es un fallo o una orden final en cuanto al peticionario se refiere y sujeta a apelación. 3 C. J., pág. 478.

■ Dice la demandada apelada como fundamento del último motivo para la desestimación que la apelación es frívola porque cuando la corporación fiadora sea requerida de pago tendrá la oportunidad de defender sus derechos y de presentar sus defensas. Sin embargo, reconociendo la apelada que la corporación fiadora tiene derecho a defenderse cuando se le requiera de pago, no puede sostenerse que sea frívola su apelación por el hecho de haber presentado su petición de intervención antes de tal requerimiento.

*Las mociones de desestimación deben ser declaradas sin lugar.*

El Juez Asociado Señor Córdova Dávila no intervino.